IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KESSELLY J. KASIAH, SR., )
 )
    Plaintiff, )
 )
v. ) 1:15CV372
 )
SHIRLEY MORRISON, et al., )
 )
    Defendants. )

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE

This matter is before the Court on Defendant Shirley Morrison's Motion to Strike Plaintiff Kesselly J. Kasiah, Sr.'s Response to Defendant's Answer. (Docket Entry 24.) After reviewing the contents of Plaintiff's response document, to the extent necessary, the Court construed this document as a motion to amend the Complaint. (*See* Text Order date 03/07/2016.) Both parties filed a response. (Docket Entries 30, 31.) For the reasons stated herein, Defendant's Motion to Strike will be granted in part and denied in part, and the Court will recommend that Plaintiff's request to amend his Complaint be denied.

## I. Background

Plaintiff filed this action on May 7, 2015, against Defendants Morrison and Guilford County Schools alleging employment discrimination that ultimately lead to Plaintiff's retirement. (Complaint, Docket Entry 2.) On July 10, 2015, the Court dismissed all claims against Defendant Guilford County Schools, and also dismissed discrimination claims against Morrison in her official capacity. (Docket Entry 16.) The Court allowed the case to proceed as to Plaintiff's due process claim under 42 U.S.C. § 1983 against Morrison in her official

1

capacity. (*Id.*) Lastly, the Court provided instructions to Plaintiff on how to amend his pleadings. (*Id.*)

Plaintiff subsequently filed a Motion to Amend his complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure on July 14, 2014. (Docket Entry 17.) The motion sought to include Guilford County Board of Education as an additional defendant. (*Id.*) On August 18, 2015, the Court denied Plaintiff's Motion to Amend his complaint because Plaintiff had not alleged any new action to justify adding individual board members of the Guilford County Board of Education as defendants. (Docket Entry 19.) Defendant Morrison thereafter filed an Answer to Plaintiff's Complaint (Docket Entry 21) to which Plaintiff filed a response. (Docket Entry 23.) Defendant Morrison filed the pending motion seeking to strike Plaintiff's response. (Docket Entry 24.)

## II. Discussion

### Striking Plaintiff's Response to Defendant's Answer

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a court can "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" on its own or on motion of a party. Fed. R. Civ. P. 12(f); *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). In reviewing a motion to strike pursuant to Rule 12(f), the Court reviews "the pleading under attack in a light most favorable to the pleader." *Guessford v. Pa. Nat'l Mut. Cas. Ins. Co.*, 918 F. Supp. 2d 453, 467 (M.D.N.C. 2013) (citation omitted). "The Fourth Circuit has recognized that Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy." *Id.* (citations and quotations omitted).

2

Where, as in this case, a party replies to an opposing party's Answer, the Federal Rules of Civil Procedure allow for a party to file a reply to an opposing party's answer only "if the court orders one . . . ." Fed. R. Civ. P. 7(a)(7). Procedurally, the Court did not order Plaintiff to file a reply to Defendant's answer. To this extent, Plaintiff's Response to Defendant's answer will be stricken. *Garabedian v. Lanteigne*, No. 1:08CV1221 AJT TRJ, 2009 WL 6871133, at *1 (E.D. Va. Aug. 26, 2009) (internal citations and quotations omitted) (unpublished) (striking response to answer when the court "has not ordered a reply, therefore, plaintiff's Response to the complaint is a superfluous document, not provided for in the Federal Rules of Civil Procedure").

To the extent Plaintiff's Response is an attempt to amend his Complaint, it fails. Rule 15(a)(2) of the Federal Rules of Civil Procedure allows for amendment of pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). Granting a motion to amend is within the Court's discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Fourth Circuit has stated that "[a] district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010). Here, Plaintiff seeks to change the defendants to "Shirley Morrison and the Board of Education." (Docket Entry 23.) The Court previously indicated that "there is no reason to proceed against both the Guilford County Board of Education and against Ms. Morrison in her official capacity, as that would be duplicative." (Docket Entry 19.) The Court further notes that many of Plaintiff's allegations surround his § 1983 claim, which the Court has allowed to go forward. To the extent Plaintiff seeks to add new claims, the Court finds that Defendant Morrison would be

3

prejudiced if such amendment was allowed. Plaintiff has had ample opportunity to amend his pleadings with specific direction from the Court as to the appropriate way to amend his Complaint. (Docket Entry 16.) Discovery has ended and dispositive pretrial motions are now being prepared by Defendant Morrison. Any further amendments to the pleadings would prejudice Defendant Morrison. Thus, to the extent Plaintiff seeks to amend her Complaint, this request should be denied.

*Enjoining Plaintiff from Filing Additional Pleadings, Motions and/or Responses to Amend Complaint*

Defendant Morrison also seeks to enjoin Plaintiff from filing any further pleadings, motions or responses seeking to amend his complaint. (Docket Entry 24 at 2-3.) "A federal court has the power to issue pre-filing injunctions where vexatious conduct hinders the court from fulfilling its constitutional duty." *Tucker v. Drew*, 23 F.3d 403 (4th Cir. 1994). Here, the Court finds that enjoining Plaintiff from filing further motions and pleadings is not warranted at this time. Nevertheless, the Court does warn Plaintiff of importance of adhering to Court orders, and following the Federal Rules of Civil Procedure and Local Rules of the Middle District of North Carolina.

## III. Conclusion

Based upon the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Strike (Docket Entry 24) be **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's Response (Docket Entry 23) is Stricken. Defendant's request to enjoin Plaintiff from further pleadings, motions, or responses is Denied.

To the extent Plaintiff requests to amend his Complaint, **IT IS RECOMMENDED** that this request be Denied and this action proceed solely as to Plaintiff's §1983 claim against Defendant Morrison in her official capacity for violating Plaintiff's due process rights.

/s/ Joe L. Webster
United States Magistrate Judge

March 23, 2016
Durham, North Carolina